FILED
CLERK

12/17/2020 9:38 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ROBERT L. WHITE, #19003937,

                              Plaintiff,

               -against-

HON. TERESA K. CORRIGAN, A.D.A. BRITTANY
GEARARY, ROBERT SCHALK, defense attorney,

                            Defendants.
----------------------------------------------------------------X

For Online Publication Only

**ORDER**
20-CV-3190 (JMA)(AKT)

**AZRACK, United States District Judge:**

On July 9, 2020, incarcerated pro se plaintiff Robert L. White ("Plaintiff") commenced this action against the Honorable Teresa K. Corrigan ("Judge Corrigan"), Nassau County assistant district attorney Brittany Gearary ("ADA Gearary"), and his defense attorney in the underlying criminal case, Robert Schalk, Esq. ("Schalk" and collectively, "Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging a deprivation of his constitutional rights.  Accompanying the complaint is an application to proceed in forma pauperis.  The Court grants Plaintiff's request to proceed in forma pauperis and sua sponte dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1) for the reasons that follow.

### I.    BACKGROUND[1]

Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint form and seeks to challenge Judge Corrigan's rulings in the underlying state court criminal case. Though not a model of clarity, as the Court can best discern, Plaintiff, a convicted and sentenced

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

inmate, complains that a letter he wrote to Judge Corrigan seeking early release in light of the COVID-19 pandemic was "converted" by the court to a C.P.L. § 440 motion and, after receiving opposition papers from ADA Gearary, was summarily denied. Plaintiff alleges that he suffers from an undisclosed medical condition that puts him at a higher risk for contracting the COVID-19 virus. Accordingly, Plaintiff filed a state petition for a writ of habeas corpus seeking his immediate release on the grounds that his continued confinement constitutes a deliberate indifference to his serious medical condition in violation of his Fourteenth Amendment rights.

According to the complaint, during a video conference on May 11, 2020, Judge Corrigan "summarily denied the writ of habeas corpus and stated that she would treat it as an application for bail provided Plaintiff produces medical records that outlined Plaintiff's underlying medical condition." (Compl. at 5.) Plaintiff claims that Judge Corrigan ordered his defense attorney, Schalk, to prepare a bail application motion and forward HIPPA forms to Plaintiff to sign so that his medical records would be released. Plaintiff complains he received the HIPPA forms forty-two days later on June 22, 2020. (Id.)

Plaintiff alleges that he is "sitting waiting wondering" if he contracts the COVID-19 virus will he "become seriously ill or die." (Compl. at ¶ II.A.) Plaintiff claims to be suffering from "severe stress and mental anguish" and reports "trouble sleeping" and weight loss. (Id.) For relief, Plaintiff seeks to recover a damages award in the total sum of $25 million. (Id. at ¶ III.)

## II.    DISCUSSION

**A.    In Forma Pauperis Application**

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's application to proceed in forma pauperis is granted.

**B.     Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal,

3

556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.**     **Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

4

### 1. Immunity

Plaintiff's Section 1983 claims against Judge Corrigan and ADA Gearary are implausible because immunity bars these claims. "[J]udges generally have absolute immunity from suits for money damages for their judicial actions" and that "even allegations of bad faith or malice cannot overcome judicial immunity." Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009). Absolute immunity protects a judge from damage suits "unless [s]he 'acted in the clear absence of all jurisdiction.'" McKeown v. N.Y. State Comm'n on Judicial Conduct, 377 F. App'x 121, 123-24 (2d Cir. 2010) (summary order) (quoting Tucker v. Outwater, 118 F.3d 930, 933 (2d Cir. 1997)). Similarly, prosecutors are eligible for such immunity. See Berlin v. Meijias, 15-CV-5308, 2017 WL 4402457, at *3 (E.D.N.Y. Sept. 30, 2017) (citing McKeown, 377 F. App'x at 124 ("Prosecutors, . . . are eligible for absolute immunity. . . .")). The Second Circuit has long held that "prosecutors sued under 42 U.S.C. § 1983 are entitled to absolute immunity from claims for damages arising out of prosecutorial duties that are intimately associated with the judicial phase of the criminal process." Parkinson v. Cozzolino, 238 F.3d 145, 150 (2d Cir. 2001) (internal citation and quotation marks omitted). Prosecutors are entitled to absolute immunity with respect to their "prosecutorial functions," which include their actions "as advocates and when their conduct involves the exercise of discretion." Flagler v. Trainor, 663 F.3d 543, 547 (2d Cir. 2011).

In addition, the Eleventh Amendment divests this Court of subject matter jurisdiction over any claim for monetary damages against a state actor acting in his or her official capacity. See Kentucky v. Graham, 473 U.S. 159, 169 (1985) ("The Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."). "It is well-established that New York State has not consented to Section

5

1983 suits in federal court . . . and that Section 1983 was not intended to override a state's sovereign immunity." Mamot v. Board of Regents, 367 F. App'x 191, 192 (2d Cir. 2010) (internal citation omitted).

Here, Judge Corrigan presided over post-conviction proceedings in Plaintiff's underlying state court criminal case and Plaintiff challenges her rulings relating to motions he filed during such proceedings. Likewise, ADA Gearary is the assistant district attorney who, on behalf of the People of the State of New York, opposed Plaintiff's motions during those proceedings. Because the conduct by Judge Corrigan and ADA Gearary as alleged by Plaintiff was clearly within the scope of their respective duties during the judicial proceedings, together with the absence of any allegations that they acted "in clear absence of all jurisdiction," they are shielded by absolute immunity.

Similarly, to the extent that Plaintiff seeks to sue these defendants in their official capacities, Judge Corrigan and ADA Gearary are protected by sovereign immunity as guaranteed by the Eleventh Amendment. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citations omitted); see also Amaker v. N.Y. State Dep't of Corr. Servs., 435 F. App'x 52, 54 (2d Cir. 2011) (holding that a district attorney and an assistant district attorney "benefited from New York's Eleventh Amendment immunity against suit" because they were sued in their official capacities) (citing Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993)) (holding that district attorney represents the state, not the county, and so is entitled to Eleventh Amendment immunity).

6

Here, because Plaintiff seeks exclusively monetary damages from Judge Corrigan and ADA Gearary, the Eleventh Amendment precludes Plaintiff's Section 1983 claims. See Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997).

Accordingly, Plaintiff's Section 1983 claims against the Judge Corrigan and ADA Gearary are implausible and are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b).

### 2. Section 1983 Claims Against Schalk

It is well established that Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks and citation omitted). A plaintiff, however, can establish that a private actor was acting under color of state law by proving either: "(1) the existence of joint activity between the private actor and the state or its agents, or (2) a conspiracy between the state or its agents and the private actor." Young v. Suffolk Cty., 922 F. Supp. 2d 368, 385 (E.D.N.Y. 2013). "To establish joint action, a plaintiff must show that the private citizen and the state official shared a common unlawful goal; the true state actor and the jointly acting private party must agree to deprive the plaintiff of rights guaranteed by federal law." Anilao v. Spota, 774 F. Supp. 2d 457, 498 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). Alternatively, to show that there was a conspiracy between a private actor and the state or its agents, a plaintiff must provide evidence of "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act in furtherance of that goal causing damages." Ciambriello v. Cty. of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002). These two methods of demonstrating state action — "joint action" and "conspiracy with"

— are "intertwined" and overlap in significant respects. Harrison v. New York, 95 F. Supp. 3d 293, 322 (E.D.N.Y. 2015) (internal quotation marks and citation omitted). Here, Plaintiff's Section 1983 claims against Schalk are implausible because he is a private attorney who does not act under color of state law. Nor has Plaintiff alleged any facts from which the Court could reasonably construe a plausible Section 1983 conspiracy or joint actor claim. Thus, Plaintiff's Section 1983 claims against Schalk are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b).

### 3. State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." Id. § 1367(c); (c)(3); see Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d. Cir. 2011). The Supreme Court explained: "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a viably pled federal law claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in Plaintiff's complaint and dismisses any such claims without

prejudice.

### 4. Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a pro se plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988) (internal quotation marks omitted)). Yet, while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the Court has carefully considered whether Plaintiff should be granted leave to amend his complaint. Because the defects in Plaintiff's claims are substantive and could not be cured in an amended pleading, leave to amend the complaint is denied.

### III. CONCLUSION

For the forgoing reasons, the Plaintiff's application to proceed in forma pauperis is granted, but Plaintiff's Section 1983 claims as against Judge Corrigan and ADA Gearary are sua sponte dismissed without prejudice for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1). Plaintiff's Section 1983 claims as against Schalk are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1). The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses any such claims without prejudice to Plaintiff pursuing such claims in state court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: December 17, 2020
Central Islip, New York

        /s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE